Nash, C. J.
 

 The plaintiff purchased from the defendant two tracts of land in Cherokee County, situated in the fifth district; one known as number 153, the other as number 155 ; one containing 94 acres, the other
 
 111,
 
 for the price of $600, of which he paid $300, and gave his bond for the balance, payable one day after date. The defendant had been in possession many years previous to the year 1838, and had made valuable improvements on them, consisting of houses and an orchard, and cleared much of the -land; all of which were shown to the plaintiff by the defendant, as being on the land owned by the defendant. The plaintiff took possession, and having the 171 acre tract surveyed, which was No. 153, found
 
 *490
 
 that tlie most valuable improvements, sucli as the dwelling-house, barn and cleared ground, were on vacant land, all of which were shown to him by the defendant as being on No. 153, and he purchased under that belief. The purchase-money has been paid up, except $180, for which the defendant has brought an action against the plaintiff; the defendant being a citizen of Georgia, and owning no property in this State, the plaintiff has no remedy at law, and he prays an injunction to restrain the defendant from enforcing his judgment for the sum unpaid. The defendant alleges that, at the time of the sale of the plaintiff, he fully believed that all the improvements mentioned, were on lot No. 153, and that the plaintiff, at a small expense, might get the title to No. 155. The case was referred to commissioner Axley, to enquire and report how much land, if any, represented by defendant in negotiating his contract.of sale to the plaintiff, to be included within the boundaries of his title, that is not so included, and its relative value;
 
 andtohat
 
 rights,
 
 if any,plaintiff acguired by his purchase j and if he has secu/red cmy
 
 legal,
 
 or other claim
 
 thereto,
 
 %opon what right he did so, and at what cost.
 
 The commissioner reported that, under (liis purchase, he acquired no right to the land and improvements outside lot 153, but the possession. But under the provisions of the act of 1851, concerning the purchase of Cherokee lands, he acquired a pre-emption right to one hundred acres of land, by being in the possession ; and having the right of possession by virtue of. his contract aforesaid, the plaintiff availed himself of his preemption right, entered one hundred acres, including the buildings, &c., which cost him $22,41. The commissioner further reported, that the cleared land, not included in the lot 153, was entered by one Allison, under the act of 1850, and by him assigned to the plaintiff, who has perfected his title by grant, ata cost of $22,41. This report has not been objected to by either
 
 yarty.
 
 The plaintiff, then, has a conqffete title to all the land embraced in his contract with the defendant. He now has all he contracted for. Availing himself of the improvements made by the defendant, he has completed his
 
 *491
 
 title by paying the necessary expenses. A Court of Equity will not compel a purchaser to take a title substantially defective ; but it is the privilege of the vendor to complete it. But if the purchaser does it, he gets all he bargained' for, and can ask from the vendor nothing more that the expenses incurred in completing it.
 
 Nance
 
 v. Elliot, 3 Ire. Eq. Rep. 408, and
 
 Westall
 
 v. Austin, 5 Ire. Eq. Rep. 1.
 

 The necessary expenses incurred by the plaintiff in completing his title to the land on which the improvements were made, amount to $44,82. Eor this amount he is entitled to a credit on the judgment obtained by the defendant.
 

 The injunction is dissolved as to all but the sum of $44,82. The defendant must pay the costs.
 

 Pise Cueiam. * Decree accordingly.